08-4239-ag
Weng v. Holder

BIA
A79 586 283

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of January, two thousand ten.

PRESENT:
      GUIDO CALABRESI,
      ROSEMARY S. POOLER,
      ROBERT A. KATZMANN,
            *Circuit Judges.*

_____

MEI RONG WENG,
     *Petitioner,*

     v.                         08-4239-ag
                                    NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[*]
     *Respondent.*

_____

FOR PETITIONER:      Charles Christophe, New York, N.Y.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant
                         Attorney General, M. Jocelyn Lopez
                         Wright, Senior Litigation Counsel,
                         Stefanie Notarino Hennes, Trial
                         Attorney, United States Department
                         of Justice, Civil Division, Office
                         of Immigration Litigation,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Rong Weng, a native and citizen of the People's Republic of China, seeks review of the July 28, 2008 order of the BIA denying her March 2008 motion to reopen. *In re Mei Rong Weng*, No. A79 586 283 (B.I.A. July 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Because it is undisputed that Weng's March 2008 motion to reopen was filed nearly four years after the BIA's April 2004 decision, the BIA properly observed that her motion would be denied as untimely, unless she established that she was newly eligible for asylum based on changed circumstances

2

arising in China. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). Contrary to Weng's arguments, the BIA acknowledged the evidence she submitted in support of her motion and her corresponding assertion that conditions in China had changed since her January 2003 hearing before the IJ. The BIA reasonably observed, however, that Weng's motion offered only a discussion of conditions in China at the time she filed her motion, and failed to articulate how that evidence demonstrated a *change* in conditions that was relevant to her claims for relief. Before this Court, Weng offers no persuasive argument that the BIA erred in concluding that while the record evidence showed that China continued to have a poor human rights record with respect to its family planning policy, its enforcement of that policy had not worsened in any material respect, nor had conditions changed in a way that gave rise to a new asylum claim. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Accordingly, we find that the BIA's denial of Weng's motion as untimely was not an abuse of discretion. *See Ali*, 448 F.3d at 517.

Finally, because we lack jurisdiction to do so, we decline to consider Weng's argument that the BIA erred in failing to exercise its *sua sponte* authority to reopen her removal proceedings. *See id.* at 518.

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk